UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

***************************
ROY OWENS
Plaintiff

VS

ANDREW STOCKWELL-ALPERT,
and et al
Defendants
***************************

CIVIL ACTION

NO._____

05 - 1175 DPW

Referred to MJ Lic T Sorokin

COMPLAINT

PROFESSIONAL NEGLIGENCE RELATING TO MALPRACTICE OF LAW, In that the Defendants fail to act competently and zealously in representing Plaintiffs

PARTIES

1. The Plaintiffs in this case is Roy Owens and he is represented as Pro, Se.

2. The Plaintiffs resides at 6 Woodville Street in Roxbury, Ma 02119, in Suffolk County.

3. The defendants in this case is Att. Andrew Stockwell-Alpert.

4. The Defendants place of business or address is located at 10 Tremont St. in Boston, Mass. 02108, in Suffolk County.

JURISDICTION

5. This case is bought under Chapter 93A §1 & 2, Chapter 12 § 111, Title 42 Sections 1981, 1983 1985(3) 1986. and Supreme Judicial court rule 3:07, Canon Six, DR 6-101(A)(3); AND Canon Seven, DR 7-101(A)(1), (2) AND (3).

   (A) C.A.7 (Ill.) 1995. Judges have duty to protect the public from lawyers who are unable or unwilling to defend them in litigation. Matter of Maurice, 69. F.3d 830.

   (B). C.A.1 (Puerto Rico) 1993. Pursuant to his abiding obligation to take or initiate appropriate disciplinary measures against lawyer for unprofessional conduct of which judge became aware circuit judge directed district judge to review record and conduct of plaintiffs counsel in Federal Tort Claims Act (FTCA) action and to take or initiate such disciplinary action, if any as was proper;

where motion for relief from judgment was filed 16 months after district court dismissed action. Fed.Rules Civ..Pro. Rule 60(b)I 28 U.S.C.A. ABA Code of jud. Conduct, Canon 3 subd. D(2) 29 U.S.C.A. § 2671-2680  Cotto v. U.S. 993 F. 2d. 274.

6. The statute of limitation should not be an issue consequent upon the composition of the M.G.L.c. 259 Section 1 and No. 4 entitled: "Actions requiring commencement within twenty years." Controlling precedents would in terms of malpractice would be Irving Fisherman v. Larimore S. Brooks, 487 N.E. 1377, 396 Mass. 643 (S.Ct. 1986), Mcclan v. Fuller, 226 Mass. 374, 377-378 (1917), Rodriguez, v Horton, 95 N.M. 356, 360 (Ct. App. 1980), et cera.

### FACTS

7. The defendant shammed ignorance of the bases for the legal measure entrusted with him and the urgency! The property of the Plaintiff was boarded up, not on the basis of abandonment.

8. It was triggered of by the conspiratorial agreement between the City of Boston and The Covenant Church to build a school on the site.

9. On or about March 11, 1985, Plaintiffs retained Att. Stockwell-Alpert to draft an amended complaint in connection with a matter that plaintiffs had been handling on a pro se basis. Defendant was give a retainer fee, a check for $300.dollars. The attorney filed a notice of appearance and motion to extend time for filing amended complaint, which motion was granted by the court on 03/11/1985.

10. On or about March 11, 1985 Plaintiffs deliver all necessary documents requested by defendants to file said complaint.

11. Attorney Stockwell-Alpert, did not file the amended complaint until March of 5, 1992.

12. The case was dismissed on 05/07/1993 for failure to amend the complaint within the time prescribed by the court in 1985.

13. During the period from March 11, 1985 forward, Attorney Stockwell-Alpert moved his office several times, however, Plaintiffs never received notice of same. Plaintiffs always had to go and find him.

14 Plaintiff's spent years searching court documents trying to find the Defendant's name and address, after finding the defendant at his office on 92 State Street. He cursed Plaintiff's out, made racial slurs toward Plaintiff and his race and told him never to return to office.

15. Defendant never sent Plaintiffs a letter advising Plaintiff's the case was dismissed, even though he had the address and telephone number given to him several times.

16. Attorney Stockwell-Alpert Failed to take any action on Plaintiff case for several (7) years and then, it was too late.

17. In July of 1995, after numerous tries, years of pleading and begging Defendant to turn over the personal file of Plaintiff's to them, to no avail, Plaintiffs turn to The Boston Housing Court, who, sent him to Boston City Hall.

18. Councillor Saunders office help Plaintiffs locate Defendants and draft a letter to the Defendants stating if he did return plaintiffs personal files he would be sued and etc.

19. Plaintiffs sought to reopen the case in The Boston Housing Court and was told the only way he could get the case reopen was should first get a ruling from The Office of The Bar of The Board of Overseer.

20. In late 1997 Office of the Bar Counsel found Attorney Stockwell-Alpert guilty of professional misconduct in violation of Supreme Judicial Court Rule 3:07, Canon Six, DR 6-101(A)(3); and Canon Seven, DR 7-101(A),(2) AND (3).

## COUNTS

21. COUNT ONE, Defendant only perceived the plaintiff as a cash-cow and in violation of the M.G.L. c. 93 Section101 entitled: " Waiver of Certain Consumer Rights Prohibited" as well as the M.G. L. c. 93A.

22. COUNT TWO, Plaintiffs were in dire need of expeditious legal services, and Defendants took unconscionable advantages of the Plaintiff's, provided no professional service and afterward stating he had no case causing irreparable harm according to the BBO he is guilty of professional misconduct. S.J.C Rule 3:07 .

23. COUNT THREE, Defendant's caused, plaintiffs worries, loose time and wages from job looking for his whereabouts, guilty of professional misconduct in violation of Supreme Judicial Court Rule 3:07

24. COUNT FOUR, as a result of the defendant shammed ignorance of the bases for the measured entrusted with and the urgency, the Plaintiffs property was boarded up, there was loss revenue which also affected other income, Culminated in to violation of Title 42 Section 1981,

1983, 1985(3) and 1986, just to mention a few.

25. COUNT FIVE, as a result of Defendant's lack of zealous representation The City of Boston destroyed and attach and Plaintiff's other properties and forced him to give them up for tax purposes.

26. COUNT SIX, Defendants took Plaintiffs money with no intention of preforming any service what so ever and made discrimination remark, toward Plaintiffs and his race with out merit, when press for representation.

27. COUNT SEVEN, Defendants refused to represent Plaintiffs zealously, against the City of Boston for slander, and claiming he had never received any money from Plaintiff;s and slander the Plaintiffs causing Plaintiff's great frustration and pain.

28. COUNT EIGHT, Defendant's refuse to give up the case to other professional attorneys, who made the request on Mr. Owens behalf.

29. COUNT NINE, the Defendants claimed he could not do the job because he could not contact the Plaintiffs.

30. COUNT TEN, from the time the Plaintiff's found the Defendant in 1992 until he was forced to give up the case he tried to get the Plaintiff to drop their case, through intimidation by phone, in person, delay, mail and moving without notice.

31. COUNT ELEVEN, Defendant moved several times, without ever notifying Plaintiffs of change of address or telephone, and when found always became abusive.

32. COUNT TWELVE, the City of Boston destroyed Plaintiffs property causing approximately 100.000 dollars in damage.

33. COUNT THIRTEEN, a hearing was held on December 12, 1984, Judge king presiding. On or about February 14, 1985, the Court issued Finding of Fact, Conclusions of Law and Order Relative to Motion for Preliminary Injunction, a copy of which is annexed as.

34. COUNT FOURTEEN, all Defendant had to do was to file a brief covering pain and suffering, damages, loss of income from two-emplyment and etc,.

35. COUNT FIFTEEN, Instead he did nothing several years. Evidently, he allowed negligence and inertia to prevail, in violation of Supreme Judicial Court Rule 3:07,

36. COUNT SIXTEEN, every one agrees the Plaintiff's should be paid including the Defendant's

37. COUNT SEVENTEEN  Defendant intentionally violated Plaintiff civil right's by holding onto plaintiff case for years, without notify him that he had tried to reopen plaintiff case and was denied by the court. The defendant allowed the statute of limitation has expired, to prevent plaintiff from suing him.

38. COUNT EIGHTEEN   Defendant, Andrew Stockwell - Alpert conspired together with The City of Boston to deny plaintiff of his legal and civil right's.

## ARGUMENT

39. Legal malpractice actions in the Commonwealth of Massachusetts should not be deemed as a virgin legal doctrine at the invocation of the plaintiffs. The statute of limitation should not be an issue consequent upon the composition of the M.G.L.c. 259 Section 1 and No. 4 entitled: "Actions requiring commencement within twenty years." Controlling precedents would in terms of malpractice would be Irving Fisherman v. Larimore S. Brooks, 487 N.E. 1377, 396 Mass. 643 (S.Ct. 1986), Mcclan v. Fuller, 226 Mass. 374, 377-378 (1917), Rodriguez, v Horton, 95 N.M. 356, 360 (Ct. App. 1980), et cera.

40. Defendant was paid in advance to preform a job he did not do.

41. If the Defendant felt he could not competently represent the Plaintiffs he should have resigned.

42. If the Defendant did not have the material to do the job he should have notify the Plaintiff or requested time from the court.

43. The Defendant and the City of Boston Slandered the Plaintiff's character, with out merit.

44. The Defendant moved several times without notifying Plaintiff or court.

45. The defendant endlessly found consolation in saying that he need more facts, though the fact were superlatively and superfloursly state to duly satisfaction of the examining Judge-King Succinctly, the Defendant was eccentric professionally..

46.   ( JUDGE KING FOUND THE CITY OF BOSTON LIABLE AND THE DEFENDANTS FAILS TO COMPETENTLY REPRESENT  PLAINTIFFS INTEREST ZEALOUSLY, THEREFORE THE OFFICE OF THE BAR COUNSEL  OF OVERSEERS HAS FOUND HIM  LIABLE FOR HIS ACTION, in violation of Supreme Judicial Court Rule 3:07, Canon Six, DR 6-101(A)(3); and Canon Seven, DR 7-101(A),(2) AND (3). However in

order to collect damages this matter is now been bought before a judge and jury.

47. The Defendant's also recognized he was wrong and have offered to settle this case, however the detail of figuring out the cost, the damage, the pain and suffering, the neglect, the abuse and the denial of justice by the defendant's has become a dividing point, between the Defendant's and his insurance company as to how much to pay the Plaintiff's. Plaintiff's are confident the court and the jury will be able to settle matter expeditiously (Exhibit U).

## CONCLUSION

  PLAINTIFFS HAD SOUGHT TO SETTLE THIS DISPUTE OUT OF COURT, HOWEVER, THE DEFENDANT'S OFFER OF $300 DOLLARS, FOR A CASE WORTH HUNDRED OF THOUSAND IF NOT MILLIONS, WAS NOT A SINCERE OFFER, WHEREFORE, PLAINTIFFS DEMAND JUDGMENT AGAINST DEFENDANT ANDREW STOCKWELL-ALPERT FOR MONEY AND DAMAGES, COSTS AND INTEREST.

48. Plaintiffs seeks monetary relief from the Defendants in the amount of $1 million dollars, failure to represent plaintiff zealously, excluding legal costs and interest.

49. Plaintiff's seeks monetary relief from the Defendants in the amount of $1 million dollars for pain and suffering.

50. Plaintiff's seeks monetary relief from the Defendants in the amount of $1 million dollars for damage to property lost of income and interest.

51. Plaintiff's seeks monetary relief from the Defendants in the amount of $1 million dollars for slander and attempting to prevent Plaintiff's from pursuing case.

52. Plaintiff's seeks monetary relief from the Defendants in the amount of $1 million dollars for take Plaintiff's money with any intent to perform said services.

very truly yours,

Roy Owens, pro se.
6 Woodville Street
Boston Ma, 02119
Tel 541-4335

DATE: 08/19/2005

CC: ATT. MALANNA G. CLINE, BBO 086860
 For: Andrew Stockwell-Alpert
 300 Market St. / Brighton Ma, 02135
 Telephone 617 783-5997

and were served by hand to the ( PRO SE CLERK OF COURT- CIVIL ACTION / UNITED STATES DISTRICT COURT CLERK'S OFFICE/ SUITE 2300 / UNITED STATES COURTHOUSE / 1 COURTHOUSE WAY / BOSTON, MASs. 02210.

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Roy Owens

**DEFENDANTS**
05-11753-DPW

**(b)** County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Andrew Stockwell-Alpert
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known): Malanna G. Chne
300 Market St
Brighton Ma 02135

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☒ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** / ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Attorney Negligence related to Malpractice

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Roy Owens__ vs __Andrew Stockwell-Alpert__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    05-11753

    ___ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (if yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(CategoryForm.wpd -5/2/05)