```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ROY OWENS,                        )
          Plaintiff,              )
                                  )
     v.                           )   C.A. No. 05-11753-DPW
                                  )
ANDREW STOCKWELL-ALPERT,          )
          Defendant.              )
```

MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, the Court dismisses this action in its entirety.

BACKGROUND

On August 19, 2005, plaintiff Roy Owens, a resident of Boston, filed this legal malpractice action against his former attorney, Andrew Stockwell-Alpert of Boston. His complaint is accompanied by an incomplete Application to Proceed Without Prepayment of Fees.[1]

In his Complaint, plaintiff alleges that his 1985 state court case was dismissed in 1992 due to attorney Stockwell-Alpert's legal malpractice. Plaintiff further alleges that he subsequently filed a complaint with the Office of Bar Counsel and that in 1997 attorney Stockwell-Alpert was found guilty of

---

[1] Mr. Owens is not unfamiliar with the process of litigation in this Court. The Court's records indicate that Mr. Owens previously filed in this Court three actions, each of which was ultimately dismissed for failing to state a claim upon which relief may be granted. See Owens v. Galvin, et al., C.A. No. 04-11149-DPW (granting defendant's motion to dismiss, closed Oct. 13, 2004); Owens v. City of Boston, et al., C.A. No. 96-11046-NG (granting defendants' motions to dismiss, closed Dec. 30, 1996); and Owens v. Crayton, et al., C.A. No. 93-10934-REK (granting defendants' motion to dismiss, closed Oct. 13, 1993).

professional misconduct.

The Complaint asserts claims for legal malpractice, unfair practices pursuant M.G.L. c. 93A, violations of the Massachusetts Rules of Professional Conduct and violations of Sections 1981, 1982, 1983, and 1985 of the Civil Rights Act. Plaintiff seeks damages in the amount of several million dollars.

## DISCUSSION

I.  The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Plaintiff filed an Application to Proceed Without Prepayment of the Filing Fee but failed to answer the questions on the second page of the Application. See Application, Docket No. 1.

This is not the first time Mr. Owens failed to file a complete Application to Proceed Without Prepayment of Fees. In 2004, I found that "[d]espite a substantial period of time in which to do so, [Mr. Owens] has neglected to complete and sign

his "Application to Proceed Without Prepayment of Fees and Affidavit."  See 10/13/04 Memorandum and Order, C.A. No. No. 04-11149-DPW.  Because the instant Application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status.  While this is an adequate and independent ground upon which to direct dismissal, this action is also subject to dismissal for lack of subject matter jurisdiction.

    II.  The Court Lacks Subject Matter Jurisdiction

In order for this Court to adjudicate plaintiff's claims, it must either have (1) diversity subject-matter jurisdiction or (2) federal question jurisdiction.  See  28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1331 (federal question jurisdiction).

In any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."  McCullock v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Thus, if a district court discovers that it lacks subject matter jurisdiction over a pending action, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

This Court does not have diversity or federal question jurisdiction over Owens' claims.  As to diversity jurisdiction, the allegations in the complaint do not support diversity subject matter jurisdiction under 28 U.S.C. § 1332 because plaintiff and defendant are each alleged to be citizens of Massachusetts.

Plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986.  However the only

allegation that even remotely concerns a civil rights issue is the contention that when plaintiff confronted attorney Stockwell-Alpert, who is apparently a private individual, the attorney "made racial slurs toward plaintiff and his race."  See Compl. ¶ 14.  But this does not implicate the federal civil rights law claims alleged.  See, generally, Runyon v. McCrary, 427 U.S. 160, 172 (1976) (§ 1981 concerns racial discrimination in the making and enforcement of contracts); Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002) (dismissing, plaintiff failed to allege that any action by any defendant denied him the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship by reason of a race-based animus); accord Vizcarrondo v. Board of Trustees, 139 F. Supp. 2d 198, 207-208 (D. P.R. 2001) (dismissing for failing to plead any facts supporting a theory of race-based discrimination on the part of defendants in making and enforcing contracts); Alexis v. McDonald's Restaurants of Mass., Inc., 67 F3d 341, 351 (1st Cir. 1995)(discussing state action requirement for § 1983 claims); Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001) (dismissing § 1985 claims where plaintiff made no allegation which even inferentially indicated that any defendant conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously discriminatory animus); Romero-Barcelo v. Hernandez

4

Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977); Canney v. City of Chelsea, 925 F. Supp. 58, 68 (D. Mass. 1996) (complaint filed under Section 1986 must establish a violation of Section 1985).

Moreover, the statutes of limitations for the types of claims asserted here have long since run. See Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 5A (four-year statute of limitations for Chapter 93A actions); Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (federal civil rights claims borrow the forum state's statute of limitations for personal injury claims). Because the actions complained of in the complaint occurred in the 1980's and 1990's, plaintiff's claims are untimely.

## CONCLUSION

ACCORDINGLY, for the reasons stated above, I order that this action be dismissed.

SO ORDERED.

December 28, 2005                    /s/ Douglas P. Woodlock
DATE                                 UNITED STATES DISTRICT JUDGE